SHARON A. URIAS (SBN 016970)
ANDREW W. URIAS (SBN 030699)
**URIAS LAW OFFICES, PLLC**
8585 E. Hartford Drive, Ste. 700
Scottsdale, AZ  85255
Tel.  480.306.5458
Fax. 480.306.5459
Attorney email.  surias@uriaslaw.com
                 aurias@uriaslaw.com
Firm email:  docket@uriaslaw.com

Attorneys for Plaintiff Interactive Media Technologies, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| INTERACTIVE MEDIA TECHNOLOGIES, INC. a Florida corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TelCan, Inc. a Canadian corporation,<br><br>　　　　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Interactive Media Technologies, Inc. for its Complaint against Defendant TelCan, Inc., by and through undersigned counsel, hereby states and alleges as follows:

## **NATURE OF THE CASE**

This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(D)(v) seeking injunctive relief.

## **INTRODUCTORY STATEMENT**

This action seeks a finding that Defendant engaged in reverse domain name hijacking under 15 U.S.C. § 1114(D)(v) when it commenced an administrative Uniform Domain

{00037004.DOCX; 2 }

Name Dispute Resolution Policy ("UDRP") action against Plaintiff, without reasonable probable cause, in an effort to suspend, disable and illegally obtain ownership of the <telcan.com> domain name. This action also seeks injunctive relief against enforcement of the UDRP decision ordering transfer of <telcan.com> from Plaintiff to Defendant.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Interactive Media Technologies, Inc. ("Plaintiff" or "IMT") is a corporation organized in 1991 in the State of Florida and has its principal place of business in Boca Raton, Florida. Since its inception, IMT has provided a variety of telephone and telecommunications-related services.

2. Upon information and belief, at all relevant times hereto, Defendant TelCan, Inc. ("Defendant") is a corporation organized and existing under the laws of Canada with its principal place of business in Mississauga, Ontario.

3. This Court has subject matter jurisdiction under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(b) because the property that is the subject of the action, the <telcan.com> domain name, is located here. In addition, the relevant sponsoring registrar, GoDaddy.com, Inc. ("GoDaddy"), is located within this Judicial District and GoDaddy's terms of service require domain name purchasers to submit to jurisdiction and venue in this Court. (*Productive People, LLC v. Ives Design, No., 2009 WL 1749751, at \*1 (D. Ariz. 2009).*

5. Pursuant to the UDRP, Paragraph 3(b)(xiii), the Complainant, TelCan, Inc. (in the UDRP case, now Defendant in the present case) is required to explicitly consent to a "mutual jurisdiction," in which challenges to a decision under the UDRP may be brought by the Respondent (in this case, now Plaintiff). Defendant expressly consented to jurisdiction in this District for actions such as this one.

//

## ALLEGATIONS COMMON TO ALL CLAIMS

### IMT's Business and Good Faith Use of the Hijacked Domain Name

6. IMT was founded in 1991 and since that time has provided a variety of telephone and telecommunications-related services. Throughout the 1990s, IMT primarily sold its services wholesale to distributors who typically provided those services to third parties under their own trade names.

7. In or about March 2003, IMT purchased the assets of one of its distributors, Ezcor Direct, Inc. ("Ezcor"), and hired some of Ezcor's employees, including James Little ("Little"), who resided in Texas. Shortly thereafter, IMT decided to begin marketing directly to consumers rather than distributors. IMT specifically intended to target Canadian consumers and, to that end, IMT decided to acquire a domain name directed toward Canadians seeking online telephone communications services. Little was asked to identify and obtain a suitable domain name.

8. In 2003, Little researched domain names having a ".com" top level domain directed to telephone services in Canada. Little found and acquired "Telcan.com" because of its descriptive nature. Upon information and belief, "tel" is an abbreviation for "telephone" and is commonly used in the online telecommunications industry to describe telephone and/or telecommunications services online. The term "CAN" is the 3-letter dialing code abbreviation for the nation of Canada, promulgated by the International Organization for Standardization.

9. Upon information and belief, the domain name <telcan.com> was created on Jan 3, 1997 and registered to Telephony Canada, a business located in Brampton, Ontario.

10. Also upon information and belief, on or about November 11, 2003, Little purchased <telcan.com> from Telephony Canada and registered the domain name under the name Ezcor, which IMT was using as a d/b/a. Little listed himself as the administrative contact. On or about September 27, 2006, Little transferred the domain name to IMT.

//

{00037004.DOCX; 2 }

11.     At all times relevant hereto, at least as early as September 27, 2003, IMT was and has been offering telecommunications services at <telcan.com> under the "telcan" mark. In particular, the services offered by IMT at <telcan.com> include the sale of calling cards from Canada to India.

12.     At no time prior to the filing of the UDRP proceeding, from 2003 through the present, did Defendant ever contact Plaintiff complaining of alleged trademark infringement, cybersquatting or contest Plaintiff's right to use the brand name" telcan" or the domain name <telcan.com>. IMT first learned of this dispute on when it received the Notice of Complaint of the UDRP proceeding.

13.     Nevertheless, upon information and belief, at least as early as March 4, 2005, Defendant was aware that the domain <telcan.com> was being used in connection with telecommunications services offered under the "telcan" mark.

## The UDRP Action Against the Hijacked Domain Name

14.     Upon information and belief, on October 13, 2015, Defendant obtained a federal trademark registration for TELCAN, U.S. Trademark Reg. No. 4,830,271, in connection with various telecommunication services, including, *inter alia*, prepaid calling cards. Defendant claims its first use of TELCAN in commerce occurred on January 19, 1997.

15.     Despite the fact that Plaintiff has been using the "telcan" mark since 2003 in connection with its telecommunication services and despite the fact that Plaintiff has marketed those services under the "telcan" mark via the Internet at its <telcan.com> domain name also since 2003, Defendant never contacted Plaintiff to assert any alleged trademark ownership rights in "telcan" until 2017, when it initiated the UDRP proceeding.

16.     On March 30, 2017, approximately *fourteen years* since Plaintiff acquired and began use of the <telcan.com> domain name, Plaintiff received notice that Defendant had submitted a domain dispute complaint against Plaintiff before the National Arbitration Forum ("NAF"), Claim No. FA1703001724650, asserting that Plaintiff had registered and

used <telcan.com> in bad faith.  A true and correct copy of the domain dispute complaint is attached hereto as Exhibit A.

17. Plaintiff filed a response to Defendant's complaint on April 28, 2017, refuting Defendant's allegations of bad faith and accurately setting forth the facts surrounding Plaintiff's registration and use of <telcan.com>, which use has never interfered with any of Defendant's purported rights.  A true and correct copy of Plaintiff's response is attached hereto as Exhibit B.  Also attached hereto as Exhibits C and D, respectively, are additional submissions by Plaintiff and Defendant to the NAF.

18. Despite Defendant's failure to show that Plaintiff had engaged in bad faith, in a split decision, two members of a three-member NAF panel erroneously decided in favor of the UDRP Complainant (i.e. Defendant) on May 24, 2017, and ordered that <telcan.com> be transferred away from Plaintiff.

19. The dissenting member of the NAF panel stated, in pertinent part, that:

> Complainant has failed to establish bad faith. The two parties have operated their respective businesses side-by-side for at least ten years without Complainant finding any reason to take the action now sought. While laches may not be available as a basis to decide against Complainant in these proceedings, the same inaction that might lead to a finding of laches in a court action demonstrates to this panelist that Respondent acquired the domain purely for business purposes without any bad faith intent.

A true and correct copy of the NAF decision is attached hereto as Exhibit E.

20. The <telcan.com> domain name is now pending transfer to Defendant, as the result of this erroneous domain dispute decision from the NAF.

21. The Court is not bound by this decision whatsoever.

22. According to its domain name dispute procedure, GoDaddy has delayed transferring <telcan.com> to Defendant until after ten business days have passed from the decision, providing Plaintiffs an opportunity to file this action and contest the panel's finding, as set forth in a May 26, 2017 email from GoDaddy stating that the transfer would be effected on June 9, 2017 if no action were filed.  A true and correct copy of the GoDaddy email is attached hereto as Exhibit F.

23.     Although the <telcan.com> domain name has not yet been transferred away from Plaintiff, the instant action is ripe for review by this Court, because such transfer is inevitable and imminent absent further action by Plaintiff.

24.     Plaintiff asserts that <telcan.com> should not be transferred to Defendant.

25.     Plaintiff also asserts that Defendant has abandoned any rights to the TELCAN mark and that "telcan" is generic and/or descriptive of the services offered by Defendant. Additionally, because both parties were using "telcan" concurrently for several years, Defendant does not have superior rights to the mark.

### FIRST CLAIM FOR RELIEF

### (Reverse Domain Name Hijacking – 15 U.S.C. § 1114(2)(D)(v))

26.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

27.     To prevail on a reverse hijacking claim, Plaintiff must show that: (i) IMT is the domain name registrant for the <telcan.com> domain name (the "Hijacked Domain Name"); (ii) the Hijacked Domain Name was suspended, disabled, or transferred under GoDaddy's domain dispute resolution policy; (iii) the UDRP Complainant has notice of this action by service or otherwise; and (iv) Plaintiff's registration or use of the Hijacked Domain Name is not unlawful under the ACPA.

28.     Plaintiff can demonstrate each of the four requirements to prevail in this reverse hijacking claim:

(a)     Plaintiff is the current owner of the Hijacked Domain Name, as set forth in Exhibit G, which is a true and correct copy of a Whois Registration Report.

(b)     The Hijacked Domain Name is subject to imminent transfer as a result of the improper UDRP decision (Exhibit E.)

(c)     Contemporaneous with the filing of this Complaint and its Exhibits with the Court, Plaintiff has provided notice of the same by email upon the UDRP Complainant, its attorney, and the sponsoring registrar for the Hijacked Domain Name,

1  GoDaddy.  Additionally, this Complaint, its Exhibits, and a properly-issued Summons, shall
2  be served upon Defendant in due course.

3        (d)    Neither Plaintiff's registration, nor its use of the Hijacked Domain
4  Name is unlawful under the ACPA.  Plaintiff has neither registered nor used the Hijacked
5  Domain Name in bad faith, as further set forth in the following paragraphs.

6      29.    Plaintiff at all times has acted in good faith, using the Hijacked Domain Name
7  at least as early as September 27, 2003 to sell its services under the "telcan" brand, thus
8  constituting a bona fide offering of goods and services precluding a finding of "bad faith"
9  under the ACPA.  Plaintiff's rights and interests in the domain name <telcan.com>
10 developed and grew during a twelve year period, from 2005 to 2017, during which, upon
11 information and belief, Defendant was fully aware of Plaintiff's activities, but took no
12 action to assert a claim to the "telcan" mark.  Also, Defendant did not file its application for
13 trademark registration with the United States Patent and Trademark Office until November
14 16, 2014.  Based upon these facts, Plaintiff has a superior right and legitimate interest in
15 the Hijacked Domain Name.

16     30.    Also, Plaintiff acquired the Hijacked Domain Name in 2003.  Defendant did
17 not register its trademark until 2014, eleven years later.  Plaintiff had no knowledge of
18 Defendant's alleged trademark rights, or even any knowledge of Defendant's existence.
19 Plaintiff has not offered to sell the Hijacked Domain Name to Defendant.

20     31.    Plaintiff is entitled to the "safe harbor" provision of the ACPA, which
21 excludes a finding of bad faith intent for persons who "believed and had reasonable grounds
22 to believe that the use of the domain name was a fair use or otherwise lawful." 15 U.S.C. §
23 1125(d)(1)(B)(ii).  As set forth hereinabove, Plaintiff had a reasonable belief that its use of
24 the Hijacked Domain Name was lawful for reasons including, but not limited to the
25 following:  Plaintiff used the domain name <telcan.com> in connection with its sale of
26 telecommunication services to Canadian customers; Plaintiff was unaware of Defendant's
27 business and/or claim of alleged trademark rights in TELCAN; "telcan" is generic and/or
28

{00037004.DOCX; 2 }

descriptive of the services offered; Plaintiff acquired the domain name <telcan.com> from another Canadian telecommunications company, Telephony Canada, whose registration predates Defendant's alleged first date of use, thereby precluding a finding of cybersquatting under *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1035 (9th Cir. 2011).

32. Despite obvious facts and incontrovertible documentary evidence to the contrary, which Defendant clearly knew and/or should have known, Defendant put forth the unsupported assertion that Plaintiff registered and used the Hijacked Domain Name in bad faith.

33. Plaintiff has never used <telcan.com> in bad faith and has never trafficked in that, or any other, domain name.

34. Upon information and belief, Defendant acted in bad faith to suspend, disable and ultimately win transfer of control and ownership of the Hijacked Domain Name.

35. In short, Plaintiff neither registered, trafficked in, nor used the Hijacked Domain Name in any way that violates the ACPA. Although both parties have rights in the underlying mark, Defendant seeks to use its subsequent federal trademark registration to hijack the prior purchase of <telcan.com> by Plaintiff, who has superior rights to those held by Defendant.

36. Because Plaintiff's registration and use of <telcan.com> are not unlawful under the ACPA, Plaintiff has the right to possess and maintain this domain name.

37. The events described herein constitute reverse domain name hijacking and warrant injunctive relief for Plaintiff under 15 U.S.C. § 1114(2)(D)(v).

38. Plaintiff also is entitled to an award of its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) under the "exceptional case" provision of the Lanham Act.

//

//

//

## PRAYER FOR RELIEF

Plaintiff hereby prays for judgment as follows:

A. That the Court enter judgment in favor of Plaintiff affirming that Plaintiff is the lawful owner of the <telcan.com> domain name and that Defendant engaged in reverse domain name hijacking;

B. That the Court issue an Order enjoining enforcement of the UDRP decision of May 24, 2017, which decision ordered the transfer of <telcan.com> away from Plaintiff to Defendant;

C. That the Court award Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

D. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all appropriate issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED:  June 8, 2017.

**URIAS LAW OFFICES, PLLC**

/s/ Sharon A. Urias
_____
Sharon A. Urias, Esq.
8585 E. Hartford Drive, Suite 700
Scottsdale, Arizona  85255
Telephone:  480.306.5458
Facsimile:  480.306.5459
**Attorneys for Plaintiff Interactive Media Technologies, Inc.**

{00037004.DOCX; 2 }